IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ERNEST GARCIA,                              §
#2882-22,                                   §
                                            §
            Plaintiff,                      §
                                            §
V.                                          §        No. 3:23-cv-453-C-BN
                                            §
ELLIS COUNTY SHERIFF'S                      §
OFFICE, ET AL.,                             §
                                            §
            Defendants.                     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ernest Garcia, an inmate at the Ellis County jail, filed a *pro se* complaint alleging violations of the Constitution related to his incarceration. *See* Dkt. No. 3.

Senior United States District Judge Sam R. Cummings referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

Where prisoners, whether incarcerated or detained pending trial, seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Under this obligation, the undersigned enters these findings of fact,

conclusions of law, and recommendation that, unless Garcia shows, within the time to file objections, that leave to amend should be granted, the Court should dismiss his abuse allegations with prejudice and then stay and administratively close this case (as to his alleged Fourth Amendment violation).

To screen Garcia's claims, the Court should liberally construe the complaint as made against a jural entity acting under color of state law, for example the Ellis County sheriff or a sheriff's deputy, but not the sheriff's office or the detention center itself, as neither entity "enjoy[s] a separate legal existence." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) (citations omitted); *see, e.g., Rambo v. Valdez*, No. 3:16-cv-02-O, 2016 WL 4398969, at \*2 (N.D. Tex. May 6, 2016) (relying on *Darby* to hold that "the Dallas County Sheriff's Office" and the Dallas County jail "are non-jural entities under § 1983" (collecting cases)).

If the Court does so, it seems that Garcia alleges two separate constitutional violations under 42 U.S.C. § 1983. He first alleges that he has been abused (both mentally and physically) at the jail. *See* Dkt. No. 3 at 3-4. And he separately alleges that he was arrested without a warrant or probable cause. *See id.*

Starting with the alleged Fourth Amendment violation, insofar as Garcia remains detained prior to trial, such civil claims are plausibly related to a pending criminal prosecution. So *Younger v. Harris*, 401 U.S. 37 (1971), may be implicated.

That is, although Section 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights," *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*,

407 U.S. 225, 242-43 (1972)), this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding,'" *id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

Under *Younger*, a federal court should generally abstain from exercising its jurisdiction where to do so would result in the interference in certain, select state proceedings, chiefly ongoing state criminal proceedings. The Court should do so here unless, within the time to file objections to this recommendation, Garcia explains that his criminal proceedings have concluded or otherwise shows that the Fourth Amendment claim should be allowed to proceed at this time.

Turning to the "abuse" allegation, Garcia explains that he "was a trusty and was made to help the nurse when a person killed [their] self" and "was mentally abused by the officer and [physically] burnt by him." Dkt. No. 3 at 4. But these factually allegations are not sufficient to plausibly allege a constitutional violation under applicable law. First, insofar as Garcia seeks monetary damages based only on being "mentally abused," 42 U.S.C. § 1997e(e) "applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury," *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (per curiam) (collecting cases).

And his physical abuse claim accepted as true – that he was indeed "burnt by" an officer – does not offer enough factual content to allege a violation of the Constitution. For example, "liability for negligently inflicted harm is categorically

beneath the threshold of constitutional due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see Kingsley v. Hendrickson*, 576 U.S. 389, 395-96 (2015) ("No one here denies, and we must assume, that, as to the series of events that have taken place in the world, the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind. That is because, as we have stated, 'liability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process.'" (quoting *Lewis*, 523 U.S. at 849; adding emphasis)).

Insofar as Garcia may be able to allege further facts to show that his Fourth Amendment claim should not be stayed under *Younger* or Garcia may be able to provide the Court more facts to state a plausible constitutional violation based on alleged abuse, the time to file objections to these findings, conclusions, and recommendation (further explained below) allows Garcia an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that this case should proceed at this time. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter

of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Garcia fail to show that leave to amend should be granted, the Court should dismiss the abuse allegations with prejudice and then stay and administratively close this case under *Younger*.

### Recommendation

The Court should dismiss the abuse allegations with prejudice under 28 U.S.C. § 1915A and then, as to the Fourth Amendment claim, stay and administratively close this case under *Younger v. Harris*, 401 U.S. 37 (1971), unless, within the time to file objections, Plaintiff Ernest Garcia satisfactorily shows that he can amend his complaint to cure the deficiencies set out above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 6 -

factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE